UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| JENNIFER HOFFMAN, )<br>    *Plaintiff*, )<br>                                          )<br>vs.                                   )<br>                                          )<br>BEVERLY GARD, *in her official and*<br>*individual capacities*, )<br>    *Defendant*. ) | 1:10-cv-0569-JMS-TAB |

**<u>ORDER GRANTING DEFENDANT'S MOTION TO DISMISS</u>**

Jennifer Hoffman filed this lawsuit against Beverly Gard, a Senator in the Indiana General Assembly, accusing Gard of violating her First Amendment rights in contravention of 42 U.S.C. § 1983. Gard has filed a Motion to Dismiss, [dkt. 17], pursuant to Federal Rule of Civil Procedure 12(b)(1) and 12(b)(6).

### STANDARD OF REVIEW

The purpose of a motion to dismiss under Federal Rule of Civil Procedure 12(b)(1) or 12(b)(6) is to test the sufficiency of the complaint, not to decide the merits of the case. Rule 12(b)(1) requires dismissal of claims over which the federal court lacks subject matter jurisdiction. Jurisdiction is the "power to decide" and must be conferred upon the federal courts. *In re Chicago, Rock Island & Pacific R.R. Co.*, 794 F.2d 1182, 1188 (7th Cir. 1986). Whether or not a plaintiff has standing to bring a lawsuit is a jurisdictional requirement which may be challenged through a motion made pursuant to Rule 12(b)(1). *Apex Digital, Inc. v. Sears, Roebuck & Co.*, 572 F.3d 440 (7th Cir. 2009).

A motion to dismiss under Rule 12(b)(6) succeeds if a complaint lacks "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570

(2007). A claim has facial plausibility "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, __ U.S. __, 129 S.Ct. 1937, 1949 (2009). A complaint stating only bare legal conclusions, even under notice pleading standards, is not enough to survive a motion to dismiss. *Twombly*, 550 U.S. at 555. The complaint must contain "enough facts to state a claim to relief that is plausible on its face" and also must state sufficient facts to raise a plaintiff's right to relief above the speculative level. *Id.* at 557; *Tamayo v. Blagojevich*, 526 F.3d 1074, 1084 (7th Cir. 2008). "*Twombly* teaches that a defendant should not be forced to undergo costly discovery unless the complaint contains enough detail, factual or argumentative, to indicate that the plaintiff has a substantial case." *Bissessur v. Ind. Univ. Bd. of Trustees*, 581 F.3d 599, 603 (7th Cir. 2009) (quoting *Limestone Dev. Corp. v. Village of Lemont*, 520 F.3d 797, 802-03 (7th Cir. 2008)). A plaintiff's complaint that merely offers "labels and conclusions" or "formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555.

### ALLEGATIONS OF PLAINTIFF'S AMENDED COMPLAINT

At all relevant times, Hoffman was employed as a Family Case Manager Supervisor by the Indiana Department of Child Services ("DCS"). She was also the campaign manager for Michael Griffin, a candidate for the position of Hancock County Prosecutor. On April 22, 2010, The Daily Reporter newspaper published a letter written by Hoffman that was critical of the incumbent county prosecutor. On April 28, 2010, Gard contacted The Daily Reporter and informed the newspaper that Hoffman had provided confidential DCS documents to her and to others. Hoffman also alleges that Gard contacted DCS and The Indianapolis Star and provided them the same information. Hoffman contends that Gard's statements were not true, that Gard

knew or should have known that her statements were not true, and that her status as a State Senator gave undue credence to her statements.

Hoffman claims that when Gard made the untrue statements, she was retaliating against Hoffman in violation of her First Amendment rights of free speech and association. In so doing, Hoffman contends that Gard "was acting pursuant to government policy and/or practice and/or procedure" and therefore was acting under color of law. Hoffman also alleges that as a result of Gard's actions, Hoffman lost her job and had her First Amendment rights "chilled." Hoffman asks this Court to: (1) enter a declaratory judgment that Gard violated Hoffman's First Amendment rights; (2) enjoin Gard from interfering with her First Amendment rights in the future; (3) award her compensatory and punitive damages; (4) award her attorney's fees and costs; and (4) require Gard to pay prejudgment and post judgment interest.

## DISCUSSION

The threshold question in every case is the power of the Court to entertain the lawsuit; accordingly, motions that challenge that power are dealt with first. *See Vermont Agency of Natural Res. v. U.S. ex rel Stevens*, 29 U.S. 765, 778 (2000); *Warth v. Seldin*, 422 U.S. 490, 498 (1975). Here, Gard challenges Hoffman's standing. "To qualify for standing, a claimant must present an injury that is concrete, particularized, and actual or imminent; fairly traceable to the defendant's challenged behavior; and likely to be redressed by a favorable ruling." *Davis v. Fed. Election Comm'n*, __ U.S. __, 128 S.Ct. 2759, 2768 (2008).

Hoffman claims that she lost her job as a result of Gard's actions, which is a concrete injury.[1]  Things become more complicated, however, when the Court looks to the requirement that the injury be "fairly traceable" to the challenged actions.  If all of Hoffman's factual allegations are true, as the Court must assume, the Court could definitely find that Gard's actions resulted in Hoffman's loss of employment.  Telling a person's employer that the person violated the employer's rules or state law by giving out the employer's confidential information might very well cause that person to be fired, as might similar statements made to a newspaper if those statements were later printed (a fact that has not been alleged here).  Nevertheless, Hoffman seeks to invoke this Court's jurisdiction by way of asserting a violation of federal law, 42 U.S.C. § 1983, and unless Gard's actions were taken under "under color of law," what Hoffman has pled is merely a state common law claim that is insufficient to garner subject matter jurisdiction in federal court without diversity of citizenship.

Hoffman alleges that Gard made her phone call to the newspaper in both her individual and official capacities.  As for Gard's communication with DCS, Hoffman makes no assertion in her Amended Complaint as to whether that was official or personal activity on the part of Gard.  Paragraphs twelve, eighteen, and twenty-four of the Amended Complaint assert that Gard knew or should have known that her statements to the newspaper and Hoffman's employer were false and that her status as a State Senator would lend credence to such false statements.  The Court questions whether unsupported labels and legal conclusions would be sufficient to withstand more than a facial challenge to the adequacy of the pleadings, but at this point that is all the

---

[1] Hoffman presented a declaration with her response brief; however, the Court is reviewing Gard's motion based on the pleadings alone and will not look beyond the allegations in the Amended Complaint.  *Apex Digital*, 572 F.3d at 443.

4

Defendant claims to challenge with regard to Plaintiff's standing.[2] The Court finds that, at this point, the allegations of the Amended Complaint allow the Court to exercise jurisdiction. *See Apex Digital*, 572 F.3d at 443 (standing must be supported by the level and degree of evidence required at each successive stage of the litigation).

Hoffman does not fare as well with regard to Defendant's argument for dismissal under Rule 12(b)(6). Not every action taken by someone who happens to hold a public office is an action taken under color of law. *Honaker v. Smith,* 256 F.3d 477, 484 (7th Cir. 2001). In order to be acting under color of law, the act must be "related in some way to the performance of the duties of the [government] office." *Id.* Hoffman's broad labels, legal conclusions, and naked assertions that Gard was acting in her official capacity, however, are not sufficient to demonstrate a plausible claim for relief. Indeed, the Court is not required to accept as true any legal conclusion in a plaintiff's complaint. *Iqbal*, 129 S.Ct. at 1949.

In fact, the Seventh Circuit Court of Appeals reiterated earlier this month that a plaintiff may not avoid dismissal "simply by attaching bare legal conclusions to narrated facts which fail to outline the basis of their claims." *Wilson v. Price*, __ F.3d __, 2010 WL 3861005, *4 (7th Cir. Oct. 4, 2010) (citing *Perkins v. Silverstein*, 939 F.2d 463, 466 (7th Cir. 1991)). In *Wilson*, the Seventh Circuit was faced with decidedly ugly facts regarding the physical beating of an auto mechanic by a Chicago alderman who showed up at the mechanic's garage to address his constituents' concerns about alleged illegal parking outside the garage. 2010 WL 3861005 at *1.

---

[2] There are two types of challenges to jurisdiction—facial challenges and factual challenges. A facial challenge only requires the Court to look at the complaint to see if the allegations are sufficient, while a factual challenge ignores the sufficiency of the allegations. *Apex Digital*, 572 F.3d at 443-44. Defendant's argument that Hoffman's injury cannot be traced to Gard because she had no ability as a State Senator to impact state agency employment decisions sounds like a

Under the Illinois Municipal Code, aldermen are municipal legislators. *Id*. at *2. After arriving at the garage, the alderman demanded that the mechanic move certain vehicles parked illegally in front of the business, but the mechanic refused. *Id.* at *1. When the alderman told the mechanic that he needed to summon the owner of the garage, the mechanic responded that the alderman should find the owner himself. *Id.* Apparently angered by the mechanic's flippant response, the alderman beat the mechanic to the point of unconsciousness. *Id*.

The Seventh Circuit affirmed the district court's dismissal of the mechanic's § 1983 claim, holding that the alderman had not acted under the color of law. *Id*. at *4. Specifically, the Seventh Circuit noted that "action is taken under color of state law 'when it involves a misuse of power, possessed by virtue of the state law and made possible only because the wrongdoer is clothed with the authority of state law.'" *Id*. at *2 (quoting *Honaker v. Smith,* 256 F.3d 477, 484-85 (7th Cir. 2001)). The *Wilson* court concluded that the allegations of the mechanic's complaint did not "demonstrate that any aspect of [the alderman's] conduct on May 2, 2008 related to his legislative duties, which include both the statutorily authorized enactment of legislation and the activities 'related in some way' to the performance of the legislative function." *Id.*

Likewise, in the case at bar, none of Gard's actions relate in any way to any legislative duties she had as a State Senator, nor could they reasonably be said to be an abuse of the powers the office bestows upon her. Hoffman's assertion that Gard's stature as a State Senator lent credence to the statements she made to the newspaper and to DCS fails because her status does not take Gard's individual actions and suddenly cloak them with color of state law. In other words, just because Gard may be an influential person and may have garnered a degree of

---

factual challenge; however, Gard claims to make a facial challenge in her reply brief, and the Court will not waste time questioning that admission.

respect because of her political success does not mean that her conversations are automatically cloaked with state authority, especially conversations that are not even tangentially related to her official legislative role.

The Court is mindful that even post-*Iqbal,* federal pleading standards do not require litigants to plead legal theories. *Ortiz v. Downey*, 561 F.3d 664, 670 (7th Cir. 2009). Here, the facts of the complaint may present a state common law claim. However, given that there is no viable federal claim, and that the Amended Complaint has not heretofore been treated by the parties or the Court as asserting a claim under state law, such a claim could not be heard here. Both Hoffman and Gard are citizens of Indiana and the Court would not have diversity jurisdiction to hear any such claim. Additionally, Hoffman has not invoked the Court's supplemental jurisdiction under 28 U.S.C. § 1367(a).

It is therefore **ADJUDGED** that Defendant Beverly Gard's Motion to Dismiss, [dkt. 17], is **GRANTED**. The claims asserted in the Amended Complaint are **DISMISSED WITH PREJUDICE**. Plaintiff Jennifer Hoffman shall take nothing by way of her Amended Complaint against Defendant Beverly Gard.

**IT IS SO ORDERED.**

10/20/2010

*[signature]*
Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

**Distribution via ECF only:**

Eric James Beaver
INDIANA OFFICE OF THE ATTORNEY GENERAL
eric.beaver@atg.in.gov

Jan M. Carroll
BARNES & THORNBURG LLP
jan.carroll@btlaw.com

Danford Royce Due
DUE DOYLE FANNING & METZGER
ddue@duedoyle.com

John H. Haskin
HASKIN LAUTER & LARUE
jhaskin@hlllaw.com

Meghan Uzzi Lehner
HASKIN LAUTER & LARUE
mlehner@hllglaw.com

Ryan Patrick Sink
HASKIN LAUTER & LARUE
rsink@hlllaw.com